UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COMCAST COMMUNICATIONS, LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:22-cv-01551-DAD-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>　(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff Wesley Peden filed a complaint against Comcast Communications, LLC and Xfinity alleging that defendants attempted to blackmail him into making unnecessary payments. His complaint, however, fails to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

In August 2021, plaintiff contracted with defendants at a Sacramento Xfinity store for high-speed internet at the rate of $73 per month. ECF No. 1 at 1. Plaintiff did not agree to setup automatic payments; however, he claims that a month later, someone at Xfinity signed him up for automatic payments without his permission. *Id.* Plaintiff received email notifications that his monthly payments were accepted until July 2022, when he received an alert from his bank that Xfinity attempted to debit $169 from his account. *Id.* Plaintiff inquired at the same Xfinity store as to the change in his bill and was informed that he was being charged for services, including phone and television, that he had not agreed to purchase. *Id.* The Xfinity representative fixed plaintiff's account, but plaintiff later discovered that Xfinity had attempted to withdraw $285 from his bank account; Xfinity claimed that he owed $358 in outstanding fees. *Id.* at 1-2, 5. Xfinity advised plaintiff via text message and email that his services would be stopped if he did not pay the outstanding balance. *Id.* at 2.

1      These allegations do not state a claim for relief.  As an initial matter, the only cause of
2 action identified by plaintiff is 18 U.S.C. § 873.  *See id.* at 1, ECF No. 1-1 at 1.  However,
3 plaintiff cannot state a claim under 18 U.S.C. § 873; it is a criminal statute that does not provide a
4 private right of action.  *See Markley v. City of Seattle*, No. C22-5038-RSL, 2022 WL 374415, at
5 *1 (W.D. Wash. Feb. 8, 2022); *Afshari v. Montana Black Gold*, No. 20-5362, 2020 WL 9217980,
6 at *3 (6th Cir. Dec. 17, 2020) (affirming the district court's finding that there was no private right
7 of action for a violation of 18 U.S.C. § 873).

8      Additionally, plaintiff's complaint does not set forth the basis for federal court
9 jurisdiction.  A federal court may adjudicate only those cases authorized by the Constitution and
10 by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal
11 jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity"
12 jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under
13 a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of
14 Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both
15 regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186,
16 198 (1962).  A case presumably lies outside the jurisdiction of the federal courts unless
17 demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  To invoke the court's diversity
18 jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
19 matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan Am. World Airlines,*
20 *Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

21      Plaintiff has failed to establish federal question jurisdiction since, as noted above, he has
22 not stated a federal cause of action.  *See Markley*, 2022 WL 374415, at *1 ("If a federal statute
23 does not provide plaintiff a private right of action to sue, then it does not bestow federal question
24 subject-matter jurisdiction.").  Additionally, he has not alleged diversity jurisdiction because,
25 according to the complaint, all parties reside in Sacramento, California, and the damages sought
26 do not exceed $75,000.  ECF No. 1 at 6, ECF No.1-1 at 1.  As such, plaintiff has not established
27 federal jurisdiction.

28

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   April 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE