UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN, | Case No. 2:22-cv-01551-DAD-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COMCAST COMMUNICATIONS, LLC, *et al.*, | |
| Defendants. | |

Plaintiff Wesley Peden has filed an amended complaint against Comcast Communications LLC alleging that it attempted to steal and extort money from him. His complaint, however, fails to state a claim, and he has not cured the defects identified in my prior screening order. Since plaintiff's amended complaint fares no better than his first, I recommend that it be dismissed without leave to amend.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

1

possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's amended complaint contains few factual allegations. Notably, it lacks the factual background alleged in the initial complaint. In the amended complaint, he claims that defendant Comcast tried impermissibly to remove money from his bank account and to extort money from him. ECF No. 4 at 3. He further alleges that defendant's actions stopped him from accessing the internet. *Id.* Finally, he alleges that defendant's "fraudulent involvement with a collection agency has now prevented him from obtaining a needed loan due to the damage to his credit score by this fraudulent action." *Id.*

These allegations do not state a claim for relief. The only potential basis for suit identified by plaintiff is 18 U.S.C. § 873. *Id.* As noted in my prior screening order, 18 U.S.C. § 873 is a criminal statute that does not provide a private right of action. *See Markley v. City of Seattle*, No. C22-5038-RSL, 2022 WL 374415, at *1 (W.D. Wash. Feb. 8, 2022); *Afshari v. Montana Black Gold*, No. 20-5362, 2020 WL 9217980, at *3 (6th Cir. Dec. 17, 2020) (affirming the district court's finding that there was no private right of action for a violation of 18 U.S.C. § 873).

Additionally, plaintiff's amended complaint does not cure the jurisdictional deficiencies noted in my prior order. A federal court may adjudicate only those cases over which it has been

given jurisdiction by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Plaintiff has not identified a federal cause of action and so has failed to establish federal question jurisdiction. *See Markley*, 2022 WL 374415, at *1 ("If a federal statute does not provide plaintiff a private right of action to sue, then it does not bestow federal question subject-matter jurisdiction."). And he has not alleged diversity jurisdiction because, according to the amended complaint, both parties reside in Sacramento, California, and the damages sought do not exceed $75,000. ECF No. 4 at 2-3. Federal jurisdiction thus is lacking.

Plaintiff's amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. Given that plaintiff has already been afforded an opportunity to amend, and that the amended complaint contains the same deficiencies as the initial complaint, I recommend the amended complaint be dismissed without leave to amend. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 4, be dismissed without leave to amend.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 10, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE